**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Michael G. Cheney</u>

    v.                                            Civil No. 10-cv-202-JD

<u>Carroll County House
of Corrections et al.</u>

**REPORT AND RECOMMENDATION**

    Pro se plaintiff, Michael G. Cheney, a pretrial detainee at the Carroll County House of Corrections ("CCHOC"), has filed a complaint (doc. no. 1) asserting that defendants, CCHOC, former CCHOC Superintendent Dennis A. Robinson, and former corrections officer Alan Drewin, violated his rights by failing to place Cheney in a residential alcohol treatment program during Cheney's previous incarceration at CCHOC. The Complaint, construed liberally, asserts that the failure to provide such treatment violated Cheney's rights under the Eighth and Fourteenth Amendments. The complaint is before me for preliminary review to identify cognizable claims and to dismiss portions that, among other things, fail to state a claim upon which relief can be granted. <u>See</u> 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (magistrate judge is designated to conduct preliminary review of prisoner complaints).

Also pending before the court is Cheney's Motion for Consideration and Approval (doc. no. 5), in which Cheney seeks an order directing CCHOC to allow him to undergo a polygraph test in jail, at his own expense, to generate evidence that he intends to use in this case and in the criminal proceeding in state court. In a separate Order issued this date, I have denied that motion without prejudice to refiling if this Report and Recommendation is not accepted.

### Standard of Review

Under LR 4.3(d)(2), when a prisoner files an action pro se, the magistrate judge conducts a preliminary review. In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pleading filed pro se should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the allegations, construed liberally, Erickson, 551 U.S. at 94, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if the pleadings state a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Cheney, who suffers from alcoholism, has a substantial criminal record.  Cheney relates his pending criminal charges to never having received residential treatment for alcoholism.

Cheney is currently a pretrial detainee at CCHOC awaiting trial on criminal charges that have been pending since December 29, 2008.  The claims in this case arise out of a previous sentence of imprisonment Cheney served at CCHOC.  Although Cheney has not provided this court with the exact language of that state court sentencing order, he asserts that the sentence included a reference to or provision for residential alcohol treatment.  Cheney asserts that, if he had received treatment in such a program, his sentence might have been reduced, and, more importantly to Cheney, his alcoholism could have been adequately addressed.

Cheney's previous imprisonment at CCHOC included work release.  While on work release, Cheney describes an incident in which he drank alcohol with his boss at the end of the day before returning to the jail.  Defendant Drewin, then serving as a CCHOC corrections officer, mentioned on that occasion that he smelled alcohol on Cheney, but took no further action.

Cheney asked defendant Robinson, then superintendent of CCHOC, to help him find an available placement for residential treatment. Robinson made no attempt to help Cheney find a suitable program. Cheney learned in 2008, either before or after he served time at CCHOC, that the Farnum Center in Manchester, a private, nonprofit facility, offered residential treatment for alcoholism for people with criminal records like Cheney's. Cheney did not undergo treatment in that facility at that time. Cheney asserts, without further elaboration, that his currently pending criminal charges are related to alcohol and Cheney's previous failure to receive residential alcohol treatment.

Cheney's complaint filed in this case does not cite to any particular federal law or constitutional provision as a basis for his claims. Construed liberally, the complaint (doc. no. 1) includes the following claim,[1] asserted under the cause of action

---

[1] The identification of the claims in this Report and Recommendation will be considered to be the claims raised in the Complaint (doc. no. 1). If Cheney disagrees with this identification, he must file an objection within fourteen (14) days of receipt of this notice, or properly move to amend the Complaint (doc. no. 1). Specifically, if Cheney intends to allege that CCHOC failed to comply with the terms of the prior sentencing order cited in the Complaint (doc. no. 1), and that such failure violated his rights under the Due Process Clause or any other federal law, Cheney must file an objection to this Report and Recommendation along with an amended complaint clarifying his claims and allegations. In the amended complaint,

provided by 42 U.S.C. § 1983[2]:

> Defendants violated Cheney's right to adequate medical care for his alcoholism under the Eighth Amendment, by "warehousing and neglect[ing]" him and failing to provide him with residential treatment for alcoholism.

Cheney's request for relief includes damages. Cheney also seeks an order vacating the Superior Court's detention order in his criminal case.

## **Discussion**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999). The pertinent Eighth Amendment prohibition on cruel and

---

Cheney must provide this Court with the date of sentencing, the docket number in which that sentencing order was issued, or a copy of the sentencing order itself. The description of the terms of the sentencing order presently set forth in the complaint (doc. no. 1) is too vague to form the basis of any claim for relief.

[2] 42 U.S.C. § 1983 provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

unusual punishment applies to the States through the Due Process Clause of the Fourteenth Amendment. See Robinson v. California, 370 U.S. 660, 666-67 (1962).

The Supreme Court has adopted a two-part test for reviewing medical care claims under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A court must first determine if the prisoner has alleged facts sufficient to show that he or she has not been provided with adequate care for a "serious medical need." Second, the court must determine if the complaint contains sufficient allegations to show deliberate indifference. See id. at 834. Allegations that simply show "substandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation." Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007).

A serious medical need is one that involves a substantial risk of serious harm to the prisoner if it is not adequately treated. See Barrett v. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); see also Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (defining serious medical need as one "that has been diagnosed by a physician as mandating treatment,

or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention").

To be found deliberately indifferent, a prison official subjectively must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. See Farmer, 511 U.S. at 837. Deliberate indifference "may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with 'actual knowledge of impending harm, easily preventable.'" Ruiz-Rosa, 485 F.3d at 156 (citation omitted). "'In order to establish deliberate indifference, the complainant must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain.'" Braga v. Hodgson, 605 F.3d 58, 61 (1st Cir. 2010) (citation omitted).

As to whether Cheney had a serious medical need while at CCHOC, Cheney has alleged that he suffered from alcoholism, a term that may be synonymous with alcohol addiction. Although the "Eighth Amendment right not to be denied necessary medical treatment . . . encompasses drug addiction therapy," Fiallo v. De Batista, 666 F.2d 729, 730 (1st Cir. 1981), not every claim of inadequate medical care filed by a prisoner denied a specific type of therapy states a claim for relief under the Eighth

Amendment.  See id. (Eighth Amendment did not guarantee to drug addicted prisoner right to be transferred to residential drug treatment facility, where prisoner did not otherwise allege deprivation of essential treatment or indifference to serious needs); Pace v. Fauver, 479 F. Supp. 456, 459 (D.N.J. 1979) (failure or refusal to operate rehabilitation facilities for treating alcoholic prisoners does not constitute cruel and unusual punishment), aff'd 649 F.2d 860 (3d Cir. 1981); see also Moore v. Weeden, 2010 WL 737655, at *4 (D.R.I. 2010) (no Eighth Amendment right of access to rehabilitative programming in prison).

   Here, Cheney has alleged that he has never received residential treatment for alcoholism, despite a sentencing order that included some provision either directing, encouraging, or approving of treatment for alcoholism in a residential facility. Cheney has not specifically alleged however, that CCHOC failed to offer him any type of alcohol treatment, such as medical care, support groups, or counseling.  Cheney's allegations further fail to suggest that his manifestation of alcoholism, or an officer smelling alcohol on him on one occasion while at CCHOC, required a specific form of treatment to avoid his suffering a substantial risk of serious harm.  Cf. Doe v. Goord, 2006 WL 1041130, at *3

(S.D.N.Y. Apr. 18, 2006) ("Plaintiff's conclusory reliance on his past relapses into drug use after his previous prison terms as proof that he might relapse upon release on parole is insufficient as a matter of law to state an objectively serious medical need."). Accordingly, Cheney's claim of an Eighth Amendment violation falls short on the first part of the Supreme Court's test.

As to deliberate indifference, Cheney has alleged that defendants, including Robinson, failed to help him locate a residential treatment program, and that Drewin, on one occasion, noticed a smell of alcohol on Cheney when he came back from work release, but did not take action in response. Inadvertent failures to provide care, even if negligent, "'do not sink to the level of deliberate indifference.'" Braga, 605 F.3d at 61 (citation omitted). The defendants' response to Cheney, or lack thereof, based on the facts alleged, does not demonstrate the requisite degree of deliberate indifference that would give rise to a constitutional violation. The complaint is devoid of any suggestion that defendants subjectively drew an inference from the facts before them that failing to act would cause serious harm to Cheney. Accordingly, I recommend dismissal of Cheney's Eighth Amendment claim.

## Conclusion

For reasons stated above, I recommend dismissal of the Complaint (doc. no. 1). Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Pract. of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  July 19, 2010

cc:  Michael G. Cheney, pro se

LBM:nmd