UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michael G. Cheney

    v.                                Civil No. 10-cv-202-JD
                                       Opinion No. 2010 DNH 170

Carroll County House
of Corrections, et al.


O R D E R

Michael G. Cheney, proceeding pro se and in forma pauperis, brought suit against the Carroll County House of Corrections ("CCHOC"), where he is a pretrial detainee, alleging that the CCHOC, its former superintendent, and a former corrections officer violated his constitutional rights by failing to provide a residential program to treat his alcoholism. On preliminary review, the magistrate judge determined that Cheney did not allege a cognizable claim and recommended dismissal. Cheney objects to the magistrate judge's report and recommendation and moves to amend his complaint, to compel discovery, and to seal the entire case.


I.   Report and Recommendation

    When an objection is filed to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The objecting party bears the burden of identifying those parts of the report and recommendation that are the subject of the objection, and "[c]onclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)." Velez-Padro v. Thermo King de P.R., Inc., 465 F.3d 31, 32 (1st Cir. 2006).

On preliminary review of a civil action brought by a prisoner, the court must identify any cognizable causes of action or dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted: or [] seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether a complaint states a claim, the court accepts as true the well-pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor. Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard does not require a probability but is more than a mere

possibility.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
The plaintiff must allege more than legal conclusions,
unsupported accusations, and "'formulaic recitation[s] of the
elements of a cause of action.'"  Id. (quoting Bell, 550 U.S. at
555).

    Cheney states that he strongly objects to the magistrate's
report and recommendation but does not specify which parts he
contests.  Instead, Cheney offers additional explanation for his
claim.  He states that he has not been able to obtain a copy of
his state court sentence, which he alleges recommended that he
receive treatment for alcoholism in a residential treatment
facility, and further explains that the sentence issued in the
mid-1990s.  He argues that his long history of incarceration
supports his claim that his constitutional rights have been
violated by the defendants' failure to provide residential
treatment for his alcoholism.[1]  He also states that his counselor

---

[1]Cheney attached documents to his objection that begin with a form letter to "Attorney," requesting representation in a civil suit to show that his criminal conduct was due to his alcoholism. Cheney also included copies of a "Discharge Instruction Plan" dated September 29, 2008; a letter from New Hampshire Hospital Human Resources, stating that facility could not meet his request; a New Hampshire "Driver Record Report"; a "Program Completion Report"; an order of commitment dated December 7, 1993; an order dated May 11, 1994, pertaining to his deferred sentences; page 4 of a chemical dependency evaluation; a letter to the New Hampshire Public Defender from a pastor; a Carroll County work release form; several newspaper articles; CCDOC

told him that the Phoenix House provided alcoholism treatment, although the Phoenix House stated that the Farnum Center was the only fully equipped program.  Cheney asserts that the "confusion" was due to "an intentional and deliberate lie."

Cheney's objection does not provide the specificity required under § 636(b)(1)(C) and Rule 72(b)(3).  Nevertheless, the court construes Cheney's objection to challenge the magistrate judge's conclusion that he failed to allege a violation of his constitutional rights.  Because Cheney is a pretrial detainee, his claim arises under the Fourteenth Amendment.  Surprenant v. Rivas, 424 F.3d 5, 13 (1st Cir. 2005).  The standard under the Fourteenth Amendment generally is the same as the Eighth Amendment standard.  Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007).

Cheney alleges that the defendants violated his constitutional rights by failing to provide him with alcoholism treatment in a residential facility.  "For medical treatment in prison to offend the Constitution, the care must involve acts or omissions sufficiently harmful to evidence deliberate

---

inmate request forms asking for copies of Cheney's sentence with an alcohol rehabilitation provision; letters from the Concord Police Department about Cheney's requests for documents; and letters from the New Hampshire Attorney General about Cheney's charges of assaults and theft committed against him.

4

indifference to a serious medical need." Id. at 156 (internal quotation marks omitted). Deliberate indifference means that the jail officer or employee was subjectively aware of facts that support an inference of a substantial risk of serious harm and drew the inference. Id. Deliberate indifference in the context of a jail may be demonstrated "by the denial of needed care as punishment and by decisions about medical care [that] are made recklessly with actual knowledge of impending harm, easily preventable." Id. (internal quotation marks omitted).

 A "serious medical need" is a condition that is diagnosed by a physician as requiring immediate treatment or a condition that is so obvious that a layman would recognize the need for medical treatment. Gaudreault v. Salem, 923 F.2d 203, 208 (1st Cir. 1990). Although alcoholism might constitute a serious medical need in some circumstances, Cheney alleges that he required treatment to avoid recidivism, not because of any particular medical problem while he was incarcerated. Cheney did not allege that his alcoholism had been diagnosed by a medical care provider. Instead, he alleges that a sentence imposed in the 1990s included a recommendation for residential treatment for alcoholism and that his criminal record was caused by his alcoholism. As such, Cheney does not allege that he was suffering from a serious medical need while housed at the CCHOC.

Cheney also fails to meet the deliberate indifference requirement.  Cheney's allegations do not show that the defendants were aware that he was an alcoholic or that his alcoholism presented a significant risk of harm to him while he was being detained.

In addition, Cheney does not allege that the defendants failed to provide adequate treatment.  The Constitution does not require a particular medical treatment and "disagreement about the proper course of treatment [] does not rise to the level of a constitutional violation."  Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993); Fiallo v. DeBatista, 666 F.2d 729, 730 (1st Cir. 1981).  Cheney does not allege that he was denied all treatment for alcoholism; he contends only that he was not provided residential treatment.[2]

Therefore, Cheney fails to state a claim upon which relief may be granted and his complaint must be dismissed.  The court approves and adopts the magistrate judge's report and recommendation.

---

[2] In his objection, Cheney refers to a conversation with "L.A.D.A.C. counselor Pauline Duran," who advised him about treatment centers, suggesting that he was receiving counseling while detained.

II. Motion to Amend

Cheney also moves to amend his complaint. He states: "My claim and proposed suit now is directed at the Carroll County Superior Court presiding Justice Steven M. Houran and person's [sic] employed at the Carroll County H.O.C. jail, as well as the Carroll County district court. The presiding justice Robert C. Varney, of which has had countless and numerous past dealings with me." Cheney also refers to Pauline Duran as a counselor at the jail.

To the extent Cheney intends to maintain his claim against jail officers and employees, including his counselor, he fails to state a claim as is discussed above. As alleged in his motion, it is not clear what claim Cheney intends to pursue against the judges he names. To the extent he alleges that the judges failed to properly address his alcoholism, which is far from clear from his motion, that claim is not supported by any factual allegations and is also precluded by judicial immunity.[3] See Pulliam v. Allen, 466 U.S. 522, 539-40 (1970); Pierson v. Ray, 386 U.S. 547, 554 (1967); see also Phelps v. O'Toole, 2010 WL 1379810, at *1 (D. Mass. Apr. 1, 2010). No other claim is sufficiently alleged to allow review.

---

[3]Cheney seeks $3 million in damages.

Therefore, Cheney's motion to amend is denied.

III. Discovery

Cheney filed two "Motion[s] for Consideration" in which he seeks the defendants' personnel files and other information and information about grievances filed against the judges named in his motion to amend. Because the claim against the defendants is dismissed and his motion to amend is denied, the discovery Cheney seeks is moot, and the motions are denied.

IV. Motion to Seal

Cheney asks the court to seal his entire case. In support, he argues that he has paid the filing fee of $350 and, as a result, the filings in the case are his property.[4] Cheney is mistaken.

A case filed in federal court and the documents filed in the case are presumed to be public. See In re Providence Journal Co., Inc., 293 F.3d 1, 13-14 (1st Cir. 2002); In re Auerhahn, 650 F. Supp. 2d 107, 112 (D. Mass. 2009). Cheney offers no persuasive reason to seal this case. Therefore, the motion is denied.

---

[4]Contrary to his representation, Cheney is proceeding in forma pauperis and has paid only a small part of the filing fee.

Conclusion

For the foregoing reasons, the court approves and adopts the report and recommendation (document no. 7), which dismisses the complaint.  The plaintiff's motion to amend (document no. 11), motion for consideration (document no. 16), motion for consideration (document no. 17), and motion to seal (document no. 18) are denied.

The clerk of court shall enter judgment accordingly and close the case.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

September 29, 2010

cc:  Michael G. Cheney, pro se